# Julius H. Geweke, Appellant, v. D. Hilsinger et al., Appellees.

## Gen. No. 17,069.

1. MECHANICS' LIENS—*formality in pleading.* An owner, by filing a petition for a general settlement under Mechanic's Lien Act, §30, admits that the parties named as defendants have existing liens, and a defendant does not waive his right to a lien by failing to assert it in his answer and by alleging merely such facts as tend to establish the amount due him from the principal contractor.

2. MECHANICS' LIENS—*owner cannot complain of finding as to amount due defendant from principal contractor.* Where an owner files a petition for a general settlement under Mechanic's Lien Act, §30, he is only directly concerned as to the amount found due from him to the principal contractor, and cannot complain of a finding as to amount due defendant from principal contractor.

3. MECHANICS' LIENS—*where motion to dismiss petition is properly denied.* In an action for a general settlement under Mechanic's Lien Act, §30, a motion made, after the time has elapsed within which defendant may assert his lien in another proceeding, to dismiss the petition on the ground that the answer of defendant when filed contained a prayer that he be dismissed with his reasonable cost, is properly denied.

4. MECHANICS' LIENS—*where extra work is performed by original contractor.* In an action by the owner for a general settlement under Mechanic's Lien Act, §30, where the petition prays for an accounting, an item of extra work is properly considered in determining the amount due the original contractor from the owner.

5. MECHANICS' LIENS—*time from which interest should be paid on amount due from owner to original contractor.* In an action for a general settlement under the Mechanic's Lien Act, a decree requiring the owner to pay interest on the amount found due from him to the original contractor from a date prior to the time the decree finds the contract was made, is erroneous.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed in part, reversed in part and remanded with directions. Opinion filed February 19, 1913.

ERNEST G. KUSSWURM, for appellant; JOHN B. HEINEMANN, of counsel.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, for appellee Edwin D. Buell; GEARY V. STIBGEN, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

On February 5, 1907, appellant, Julius H. Geweke, filed his petition in the Circuit Court for a general settlement, under the provisions of section 30 of the act relating to mechanic's liens, in force July 1, 1903. The petition alleges the ownership by appellant of certain real estate and that on November 27, 1906, he entered into a contract with one Hilsinger, whereby the latter agreed to construct a certain building upon said real estate for $1,850, and to complete the same by March 1, 1907; that on February 1, 1907, said Hilsinger abandoned said contract; that various sums are due to various persons for labor performed and materials furnished in the construction of said building, and appellant fears that the contract price of $1,850 will be insufficient to satisfy all demands for labor and material necessary to complete the contract; that upon the demand of appellant said Hilsinger made a sworn statement, wherein it appears that there is due to the Morton Grove Lumber Company for lumber and mill work $650, to Joseph Pies for mill work $540, to C. B. Glass for mason work $175; that the estimated value of the labor is $172.50; that the statement of said lumber company shows $696.37 as the amount due to it, and $646.23, as yet to become due; that said Pies claims to have delivered and prepared mill work to the amount of $528; that said Glass claims that the mason work amounts to $375; that none of said claims have been paid except the sum of $200 to said Glass. The petition prays that said parties be required to interplead and that an accounting he had, etc. To this petition the William Schroeder Lumber Company, doing business as the

Morton Grove Lumber Company, and Joseph J. Pies filed their joint and several answer, wherein they set forth that there is due them $516.60 for lumber delivered and the further sum of $673.40 for lumber and mill work not delivered, making a total of $1,190; that the payment by appellant of $200 to said Glass was made in violation of their rights. The answer concludes with the usual prayer that the respondents "be hence dismissed," etc. Answer was also filed by the contractor Hilsinger. Upon replications being filed to said answers the cause was referred to a master to take proofs and report his conclusions. Thereafter, appellee, Edwin D. Buell, trustee for the William Schroeder Lumber Company, bankrupt, was given leave to intervene and to "adopt all pleadings and proceedings on behalf of said William Schroeder Lumber Co." On March 30, 1910, appellant moved to dismiss his petition as to said lumber company, said trustee in bankruptcy and said Pies, which motion was denied.

Neither the testimony taken by the master nor his report of his conclusions appear in the record.

The decree finds that the building contract was made, as alleged in the petition, and that Hilsinger abandoned the same; that the sum of $250 paid by appellant to Hilsinger was paid in violation of the rights of sub-contractors and material men and that appellant is not entitled to credit therefor, as against said sub-contractors and material men; that Hilsinger at the request of appellant performed extra work to the amount of $265; that the cost of completing the building is $1,135; that appellant had paid for labor contracted for by Hilsinger and performed under the contract $176.70; that there was due from appellant to the administrator of the estate of Hilsinger $803.30, with interest thereon from May 1, 1906; that on December 4, 1906, said Hilsinger contracted with The William Schroeder Lumber Company for lumber to the amount of $650, and for mill work to the amount of $540, and

that said lumber company delivered lumber and mill work upon the premises for use in the erection of the building according to the contract price to the value of $661.87; that such lumber and mill work was used in the building and that said last named amount with interest from May 1, 1906, was due and owing to the said trustee of said lumber company from the estate of said Hilsinger; that there was a balance due from the estate of said Hilsinger to said Glass of $175, with interest from May 1, 1906; that said Buell, trustee in bankruptcy of The William Schroeder Lumber Company, and said Glass were each entitled to a mechanic's lien upon the premises for the *pro rata* share of the amount found due them respectively of said sum $803.30, with interest from May 1, 1906. Further, the decree awards mechanic's liens to said Buell as said trustee for $635.30, with interest thereon from May 1, 1906, and to said Glass for $168, with interest from May 1, 1906, together with costs including master's fees fixed at $169, and taxed as follows: $39 to Glass, $65 to appellant, and $65 to said Buell as said trustee.

The errors signed and argued by appellant relate solely to matters affecting the appellee, Edwin D. Buell, trustee in bankruptcy of the estate of The William Schroeder Lumber Company.

*First.* It is urged that upon the petition and the answer thereto filed by said appellee the court was without authority to declare and enforce the right of said appellee to a mechanic's lien. Section 30 of the act relating to mechanic's liens, in force July 1, 1903, under the provisions of which it is conceded the petition was filed by appellant, manifestly contemplates that where such petition is filed by the owner the parties named as defendants therein have existing liens against the property involved which may be enforced in the proceeding according to their respective rights. The primary inquiry is directed to the ascertainment of the amount due from the owner to the contractor, and the amount due each of the persons having liens. The same strict formality in pleading is not required

as in other proceedings in law or equity. The right of appellee to a lien being admitted by appellant by the filing of his petition, appellee did not waive such right by failing to assert it in his answer and by alleging merely such facts as tended to establish the amount due him from the principal contractor.

*Second.* Appellant is only directly concerned as to the amount found to be due from him to the principal contractor, because the rights of appellee and his co-defendants are necessarily circumscribed and cannot extend or enlarge the liability of appellant beyond the amount so due from him to the principal contractor. Appellant, therefore, cannot be prejudiced by the finding in the decree as to the amount due to appellee from the principal contractor and cannot complain of the decree in that respect.

*Third.* More than three years after the filing of the petition herein and after the time had elapsed within which appellee might have asserted his claim for a lien in another proceeding, and long after the reference of the cause to the master, appellant moved the court for leave to dismiss his petition, which motion was denied. A dismissal by appellant of his petition as to appellee at the time stated would have seriously prejudiced the rights of appellee and the motion was properly denied. The mere fact that the answer of appellee when filed contained a prayer that he be hence dismissed with his reasonable costs did not require the court to dismiss the petition as to him upon appellant's motion made three years thereafter.

*Fourth.* It is urged that the pleadings do not support a finding that any extra work was performed by Hilsinger the original contractor. The petition prays for an accounting, and for an ascertainment by the court of the amount due from appellant to Hilsinger, and the item of extra work, if any, was a proper subject of inquiry and determination.

*Fifth.* It is said that $65 of the amount taxed against appellant, as his share of the master's fees for

reporting the testimony, was improperly so taxed, because the order of reference did not direct the master to report the testimony. It is sufficient to say that there was no allowance to the master of fees for reporting the testimony and the fees were not taxed for that service. The allowance of fees was properly made for taking the testimony and properly taxed for that service.

*Sixth.* The decree specifically finds that the contract between appellant and Hilsinger was entered into November 27, 1906, and that the contract between Hilsinger and The William Schroeder Lumber Company was entered into December 4, 1906. Notwithstanding such finding, the decree requires the payment of interest by appellant from May 1, 1906, upon the amount found due from him to Hilsinger, and awards interest to appellee from said date upon the amount due to him from Hilsinger. The evidence taken before the master is not incorporated in the record here, and we are unable to determine the date, other than the date of the entry of the decree, from which interest may properly be allowed. In view of the finding in the decree that the contracts were entered into on November 27, 1906, and December 4, 1906, respectively, which finding is conclusive here, it is manifest that there is no theory upon which it could have been properly determined that interest should be computed from May 1, 1906, and in this respect the decree is erroneous.

The decree is affirmed in all respects, except as to the allowance of interest from May 1, 1906, and in that respect the decree is reversed, and the cause remanded with directions to strike from the decree any allowance of interest from May 1, 1906, and to allow interest upon the several amounts there found due from May 16, 1910, when said decree was entered. Three-fourths of the costs occasioned by this appeal will be taxed against appellant and one-fourth against appellee.

*Decree affirmed in part, reversed in part, and cause remanded with directions.*